## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY SMRKE<br>609 Strawbridge Ln.<br>West Grove, Pa 19390 | : <br> : <br> :   CIVIL ACTION<br> : |
| Plaintiff, | :   No. _____<br> : |
| v. | :<br> : |
| SUN EAST FINANCIAL SERVICES, LLC<br>d/b/a SUN EAST FEDERAL CREDIT<br>UNION<br>4500 Pennell Rd.<br>Aston, PA 19014<br>        and<br>SUN EAST FINANCIAL SERVICES, INC.<br>d/b/a SUN EAST FEDERAL CREDIT<br>UNION<br>201 Pennell Rd.<br>Aston, PA 19014 | :<br> :<br> :<br> :   **JURY TRIAL DEMANDED**<br> :<br> :<br> :<br> :<br> :<br> :<br> :<br> : |
| Defendants. | :<br> : |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      This action has been initiated by Kimberly Smrke (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Sun East Financial Services, LLC and Sun East Financial Services, Inc. (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" -42 USC §§ 12101 *et. seq.*), the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), the

Pennsylvania Human Relations Act ("PHRA")[1] and Pennsylvania common law. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under ADA and ADEA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff will move to amend her instant lawsuit to include a claim under the PHRA once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant ADA and ADEA claims identically.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendants operate as a Federal Credit Union serving PA and DE offering Online banking, loans, checking and savings accounts, credit and debit cards, and IRAs.

9.      Plaintiff was employed with Defendants' Nottingham, Pennsylvania location.

10.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff is 51-years-old.

14.     Plaintiff was hired and began working for Defendants on or about November 28, 2016.

15.     Plaintiff was employed with Defendants as a Senior Teller working at Defendants' Nottingham, Pennsylvania location.

16.     In her role as Senior Teller for Defendants' Nottingham, PA location, Plaintiff reported to one, Bridgette Zell (*hereinafter* "Zell" – approximate 31 years old), Assistant Manager.

17.     In or about March of 2017, Plaintiff injured her knee while performing work for Defendants.

18.     Plaintiff reported her aforesaid knee injury to Defendants' management and subsequently filed a worker's compensation claim related to said injury.

19.     As a result of her aforesaid knee condition, Plaintiff was (and continues to be) required to attend physical therapy and is (at times) limited in her ability to perform some daily life activities including but not limited to walking, running, standing, jumping, bending, driving, and working.

20.     Despite her disabilities and physical limitations (discussed *supra*), Plaintiff was still able to perform the duties of her job well with Defendants; however, she did occasionally require reasonable accommodations, including but not limited to intermittent and block medical leave.

21.     For example, Plaintiff requested and took a brief medical leave of absence from in or about March of 2017 through on or about April 3, 2017 in order to care for and treat for her disabilities.

22.     Plaintiff also requested and was granted the ability to leave approximately one hour early on Mondays, Wednesdays and Fridays in order to attend physical therapy for her aforesaid health conditions.

23.     After disclosing her disabilities and need for reasonable accommodations (discussed *supra*) to Defendants' management, Plaintiff was treated in a hostile manner by Defendants' management and her co-workers, including but not limited to subjecting her to discriminatory comments related to her health conditions and medical accommodations,

4

expressing frustration with Plaintiff's need to leave one hour early three days a week, and selectively enforcing policies against her.

24.    For example, (1) Plaintiff's co-workers would make derogatory jokes about Plaintiff having a "nice schedule" (in reference to her having to leave one hour early from work three days out of the week); (2) on the day of her termination (April 26, 2017) Zell commented that she [Zell] had therapy a couple of years ago and knows that Plaintiff is just going home early (on days that she had to attend physical therapy); and (3) Zell made other negative references towards Plaintiff's health conditions and her need for time off related to her disabilities.[2]

25.    In addition to being subjected to discriminatory treatment based on her disabilities and requests for/utilization of medical accommodations, Plaintiff was also treated in a disparate and discriminatory manner because of her advanced age by her co-workers and Defendants' management.[3]

26.    Unlike Plaintiff's younger co-workers, she was treated in a rude and condescending manner, largely ignored, forced to work primarily at the drive-thru station, and was subjected to discriminatory comments related to her age.

27.    The age-related discriminatory comments that Plaintiff was subjected to included but were not limited to (1) telling Plaintiff that customers did not want to go to her because she was older and the customers preferred younger tellers; (2) telling Plaintiff that she gets her nails

---

[2] The aforesaid discriminatory comments described in this Paragraph is not an all-inclusive list and is only intended to be examples of the derogatory comments that were made to Plaintiff in advance of her discrimination and retaliatory termination.

[3] At the time of her termination from Defendants, Plaintiff was one of the oldest employees at her location.

done like a grandmother; (3) asking Plaintiff how she is; and (4) telling Plaintiff that she is probably old enough to be [one of the teller's] grandmother.

28.     In the weeks preceding her termination, Plaintiff complained to Defendants' management, including but not limited to Zell, Tracy Eller (Manager), and Barbi Denham regarding the aforementioned age discrimination that she was being subjected within Defendants.

29.     Defendants did not properly investigate or resolve Plaintiff's concerns of age discrimination in any meaningful way.

30.     Instead, following her complaints of age discrimination, Plaintiff was subjected to increased hostility and animosity which continued up and through the time of her termination.

31.     On the day of her termination (April 26, 2017), Plaintiff was asked to stay late (as Thursdays are considered "late" days at Plaintiff's location). However, Defendants' typical practice is to rotate the employees who would stay late each Thursday.

32.     On April 26, 2017, Plaintiff inquired as to why she was being asked to stay late and not others, as she stayed late on Thursday the weeks prior. Zell responded by making negative remarks regarding her medical condition and accommodations (which were referenced *supra*).

33.     Further, when Plaintiff suggested that another teller stay late because this particular teller left early the Thursday before and would be leaving early on Thursday of the next week, Zell responded by stating that she did not believe Plaintiff's suggestion was fair because Plaintiff would leave early on Mondays, Wednesdays, and Fridays (even though Zell knew that Plaintiff was leaving early on those days because of her health conditions and need to attend physical therapy).

34.     Plaintiff was thereafter terminated from her employment with Defendants for alleged insubordination, which is completely false and pretextual.

### First Cause of Action
### Violations of the Americans with Disabilities Act, as amended ("ADA")
### (Actual/Perceived/Record of Disability Discrimination & Retaliation)
### -Against Both Defendants-

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected her ability to perform some daily life activities (as discussed *supra*).

37.     Plaintiff requested reasonable accommodations, in the form of medical leave and the ability to leave one hour early three days per week (to attend physical therapy)

38.     Plaintiff was terminated from her employment (1) shortly after apprising management of her disabilities; (2) in close proximity to when she requested and/or utilized reasonable medical accommodations; (3) at a time when he was confiding in Defendants' management about her aforesaid health conditions;  and (4) after being subjected to derogatory comments about her medical conditions and/or need for accommodations

39.     Plaintiff was terminated from Defendants because of: (1) her known and/or perceived disabilities; (2) her record of impairment; and/or (3) because she requested accommodations, which constitutes unlawful retaliation.

40.     Plaintiff was subjected to a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her because of: (1) her known and/or perceived disabilities; (2) her record of impairment; and/or (3) because she requested accommodations, which constitutes unlawful retaliation.

41.     These actions as aforesaid constitute violations of the ADA, as amended.

### Second Cause of Action
### Common-Law Wrongful Discharge
### (Public Policy Violation)
### -Against Both Defendants-

42.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.     Upon information and belief, Plaintiff was terminated in substantial part for making a claim for workers' compensation benefits and/or seeking worker's compensation benefits and/or for her work-related injuries (as discussed *supra*).

44.     It is against Pennsylvania's public policy for an employee to be terminated for making a workers' compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey*, 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

45.     The temporal proximity and the animosity Plaintiff was subjected to between her claim for workers' compensation and her termination creates an inference that her termination was in retaliation for making such a claim.

46.     These actions as aforesaid constitute wrongful termination in Pennsylvania.

### Third Cause of Action
### Violations of the Age Discrimination in Employment Act ("ADEA")
### ([1] Age Discrimination; [2] Retaliation; and [3] Hostile Work Environment)
### -Against both Defendants-

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8

48.    Plaintiff was subjected to a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her because of her age and/or complaints of age discrimination.

49.    In the weeks leading up to her termination from Defendants, Plaintiff complained of age discrimination to Defendant's management who failed to properly investigate or resolve her concerns.

50.    Plaintiff was thereafter subjected to further animosity and hostility up and through the time of her termination.

51.    Plaintiff believes and therefore avers that she was terminated from her employment with Defendants because of her advanced age and/or because of her complaints of age discrimination.

52.    These actions as aforesaid constitute unlawful retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.    Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:        _____

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 15, 2018

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

KIMBERLY SMRKE

v.

SUN EAST FINANCIAL SERVICES, LLC d/b/a
SUN EAST FEDERAL CREDIT UNION, et al.

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| 2/15/2018 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar,

Address of Plaintiff: 609 Strawbridge Lane, West Grove, PA 19390

Address of Defendant: 4500 Pennell Road, Aston, PA 19014; 201 Pennell Road, Aston, PA 19014

Place of Accident, Incident or Transaction: Defendants place of business

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf _____, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 2/15/2018     _____     ARK2484
                    Attorney-at-Law     Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/15/2018     _____     ARK2484
                    Attorney-at-Law     Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SMRKE, KIMBERLY

**DEFENDANTS**

SUN EAST FINANCIAL SERVICES, LLC d/b/a SUN EAST FEDERAL CREDIT UNION, et al.

**(b)** County of Residence of First Listed Plaintiff   Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|   |   |   |   |
|---|---|---|---|
| 1 | U.S. Government Plaintiff | X 3 | Federal Question *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | **PERSONAL INJURY** 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | **LABOR** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 720 Labor/Management Relations | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 740 Railway Labor Act | 890 Other Statutory Actions |
| | | | 751 Family and Medical Leave Act | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | **SOCIAL SECURITY** | |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | 861 HIA (1395ff) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | 862 Black Lung (923) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | X 445 Amer. w/Disabilities - Employment | 535 Death Penalty | 863 DIWC/DIWW (405(g)) | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 864 SSID Title XVI | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 865 RSI (405(g)) | |
| | | 550 Civil Rights | **FEDERAL TAX SUITS** | |
| | | 555 Prison Condition | 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | 560 Civil Detainee - Conditions of Confinement | 871 IRS—Third Party 26 USC 7609 | |
| | | **IMMIGRATION** | | |
| | | 462 Naturalization Application | | |
| | | 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans w/Disabilities Act "ADA" (42USC12101); Age Discrimination in Employment Act "ADEA" (29USC621)

Brief description of cause:
Violations of the ADA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   'No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
2/15/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print     Save As...     Reset